# EXHIBIT A

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
BY
D. Zopinoza   DEP
FILED

Inv. #

102853

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

15 FEB -3 AM 11: 29

**DAVID A. KESTER; et al.**

Plaintiff / Petitioner,

vs.

**CITIMORTGAGE, INC.; et al.**

Defendant / Respondent.

NO. CV2014-014330

CERTIFICATE OF SERVICE

Geoffrey Roberts _____, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS, CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL, CERTIFICATE OF ARBITRATION, AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

from ____Patricia Syverson c/o Bonnett, Fairbourn, Friedman & Balint, P.C.____ on ___1/29/15___ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   CR TITLE SERVICES, INC., c/o CT Corporation Systems

DATE & TIME: 1/30/15 11:25am
PLACE &         2390 E. CAMELBACK ROAD  PHOENIX, AZ 85016, which is his/her place of business.
MANNER:       By serving Gail Flock, Customer Service Representative, a person authorized to accept such service on their
                       behalf, in person.

Description of the Named: Female, Age: 60's, Ht: 5' 3in., Wt: 180, Eyes: blue, Hair: grey, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | **$50.00** |

Affiant - Registered in
Maricopa County

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
1717 E. Morten Ave., Ste. 100
Phoenix, AZ 85020
(602) 285-9901

MICHAEL K. JEANES, CLERK
BY: D. Espinoza DEP
FILED

Inv. #

102852

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

15 FEB -3 AM II: 29

DAVID A. KESTER; et al.

                                    Plaintiff / Petitioner,

    vs.

CITIMORTGAGE, INC.; et al.

                                    Defendant / Respondent.

NO.   CV2014-014330

CERTIFICATE OF SERVICE

Geoffrey Roberts_____, the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
SUMMONS, CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL, CERTIFICATE OF ARBITRATION, AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

from    Patricia Syverson c/o Bonnett, Fairbourn, Friedman & Balint, P.C._____ on ____1/29/15____;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:   CITIMORTGAGE, INC., c/o CT Corporation Systems

DATE & TIME:  1/30/15 11:25am
PLACE &      2390 E. CAMELBACK ROAD  PHOENIX, AZ 85016, which is his/her place of business.
MANNER:      By serving Gail Flock, Customer Service Representative, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 60's, Ht: 5' 3in., Wt: 180, Eyes: blue, Hair: grey, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $10.00 |
| Other | |
| **Total** | **$26.00** |

Affiant - Registered in
Maricopa County

ORIGINAL

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

MICHAEL K. JEANES, CLERK
BY D. Espinoza
DEP
FILED

15 FEB -3  AM 11: 29

ORIGINAL

| | |
|---|---|
| 1 | **BONNETT, FAIRBOURN, FRIEDMAN**<br>**& BALINT, P.C.** |
| 2 | Andrew S. Friedman, Esq. (005425)<br>Patricia N. Syverson, Esq. (020191) |
| 3 | 2325 East Camelback Road, Suite 300<br>Phoenix, Arizona 85016 |
| 4 | afriedman@bffb.com<br>psyverson@bffb.com |
| 5 | Telephone: (602) 274-1100 |
| 6 | David N. Lake, CA State Bar No. 180775<br>**LAW OFFICES OF DAVID N. LAKE,** |
| 7 |   **A Professional Corporation**<br>16130 Ventura Boulevard, Suite 650 |
| 8 | Encino, California 91436<br>Telephone: (818) 788-5100 |
| 9 | Facsimile: (818) 788-5199<br>david@lakelawpc.com |
| 10 | |
| 11 | *Attorneys for Plaintiff* |

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**MARICOPA COUNTY**

| | | |
|---|---|---|
| DAVID A. KESTER, on behalf of himself and<br>others similarly situated,, | | CASE NO. CV2014-014330 |
| | Plaintiff, | |
| vs. | | **SUMMONS** |
| CITIMORTGAGE, INC.; CR TITLE<br>SERVICES, INC.; and DOES 1 to 25,<br>inclusive | | (Non-Classified Civil) |
| | Defendants. | |

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sposored by the
Maricopa County Bar Association

**WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:**        **CitiMortgage, Inc.**
**c/o CT Corporation System**
**2390 E. Camelback Rd.**
**Phoenix, AZ  85016**

1

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, AZ 85003. Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the address at the top of this paper, or from the Clerk of the Superior Court at 201 West Jefferson Street, Phoenix, AZ 85003.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

JAN **27** 2015

SIGNED AND SEALED this date

MICHAEL K. JEANES, CLERK

_____
MICHAEL K. JEANES, CLERK OF COURT

By _____
   Deputy Clerk

C. Hoffarber



2

MICHAEL K. JEANES, CLERK
BY
D. Copinona
FILED

1   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
2   Andrew S. Friedman, Esq. (005425)
    Patricia N. Syverson, Esq. (020191)           ORIGINAL   15 FEB -3 AM 11: 30
3   2325 East Camelback Road, Suite 300
    Phoenix, Arizona 85016
4   afriedman@bffb.com
    psyverson@bffb.com
5   Telephone: (602) 274-1100

6   David N. Lake, CA State Bar No. 180775
    LAW OFFICES OF DAVID N. LAKE,
7    A Professional Corporation
    16130 Ventura Boulevard, Suite 650
8   Encino, California 91436
    Telephone: (818) 788-5100
9   Facsimile: (818) 788-5199
    david@lakelawpc.com
10

11  *Attorneys for Plaintiff*

12           SUPERIOR COURT OF THE STATE OF ARIZONA
13                      MARICOPA COUNTY

14  DAVID A. KESTER, on behalf of himself and   **CASE NO. CV2014-014330**
15  others similarly situated,,

16                                              If you would like legal advice from a lawyer,
                      Plaintiff,                Contact the Lawyer Referral Service at
17                                                         602-257-4434
    vs.                                         **SUMMONS**        or
18                                                       www.maricopalawyers.org
    CITIMORTGAGE, INC.; CR TITLE                         Sposored by the
19  SERVICES, INC.; and DOES 1 to 25,          (Non-Classified Civil)ricopa County Bar Association
20  inclusive

21                    Defendants.

22

23  WARNING: This is an official document from the court that affects your rights. Read this
24  carefully. If you do not understand it, contact a lawyer for help.

25  FROM THE STATE OF ARIZONA TO:        CR Title Services, Inc..
                                         c/o CT Corporation System
26                                       2390 E. Camelback Rd.
27                                       Phoenix, AZ  85016

28

                                        1

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, AZ 85003. Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the address at the top of this paper, or from the Clerk of the Superior Court at 201 West Jefferson Street, Phoenix, AZ 85003.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

JAN 27 2015

SIGNED AND SEALED this date

MICHAEL K. JEANES, CLERK

MICHAEL K. JEANES, CLERK OF COURT

By _____

Deputy Clerk

G. Hoffarber



2

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
1/27/2015 3:16:00 PM
Filing ID 6368207

1  **BONNETT, FAIRBOURN, FRIEDMAN**
   **& BALINT, P.C.**
2  Andrew S. Friedman, Esq. (005425)
   Patricia N. Syverson, Esq.  (020191)
3  2325 East Camelback Road, Suite 300
   Phoenix, Arizona 85016
4  afriedman@bffb.com
   psyverson@bffb.com
5  Telephone: (602) 274-1100

6  David N. Lake, CA State Bar No. 180775
   **LAW OFFICES OF DAVID N. LAKE,**
7  **A Professional Corporation**
   16130 Ventura Boulevard, Suite 650
8  Encino, California 91436
   Telephone: (818) 788-5100
9  Facsimile: (818) 788-5199
   david@lakelawpc.com
10
   Attorneys for Plaintiff
11

12

13                    **SUPERIOR COURT OF THE STATE OF ARIZONA**

14                              **MARICOPA COUNTY**

15

16  DAVID A. KESTER, on behalf of himself    CASE NO.   CV2014-014330
    and all others similarly situated,
17
               Plaintiff,
18                                           **AMENDED CLASS ACTION**
                                             **COMPLAINT; DEMAND FOR JURY**
19  v.                                       **TRIAL**

20  CITIMORTGAGE, INC.; CR TITLE
    SERVICES, INC.; and DOES 1 to 25,
21  inclusive
                                             Assigned to Judge: Hon. J. Richard Gama
22             Defendants.

23

24

25

26

27

28

1    Plaintiff David A. Kester ("Plaintiff"), by and through his attorneys, brings this

2  Complaint against Defendants CitiMortgage, Inc. and CR Title Services, Inc. on behalf of

3  himself and all other similarly situated homeowners or beneficial title holders, including

4  those of Arizona, California, Nevada, Idaho, and Oregon, who were subjected to

5  Defendants' unlawful and unfair practice of preparing and recording in county recorders'

6  offices, both within and outside this state, forged, fraudulent, false, groundless or otherwise

7  invalid documents regarding Plaintiff's and the class members' properties in the form of

8  Assignments of Deeds of Trust, Substitution of Trustee, Notice of Default, and Notice of

9  Trustee's Sale.

10    Plaintiff alleges that the invalid documents which are the subject of this class action

11  were prepared within the state of Arizona on behalf of Defendants, and were then

12  "notarized" within Arizona by employees of Defendants acting within the course and scope

13  of their employment under cover of facially valid Arizona Notary Public stamps issued in

14  the names of these employees.  These invalid documents were then used by Defendants to

15  create or transfer interests in or liens upon property and then initiate non- judicial foreclosure

16  actions against Plaintiff's and class members' property in violation of ARS § 33-420(A),

17  resulting in Plaintiff and class members losing their homes directly via foreclosure or losing

18  them by being coerced into selling them via short sales to avoid non judicial foreclosure.

19  Plaintiff seeks statutory penalties on behalf of himself and all other class members resulting

20  from Defendants' wrongful conduct.

21                                              **PARTIES**

22    1.    Plaintiff is, and at all times mentioned herein was, a resident of the State of

23  Arizona, County of Maricopa and at the time of the actions herein alleged was the legal

24  owner, along with his wife, of a property located at 3773 E. Nolan Dr., Chandler, Arizona

25  85249.

26    2.    Plaintiff is informed and believes, and on that basis alleges, that Defendant

27  CitiMortgage, Inc. ("Citi" or "CitiMortgage") is, and at all relevant times mentioned herein

28

1

1  was, a corporation organized and existing under and pursuant to the laws of the State of New
2  York, and authorized to and regularly, continually and systematically doing business in the
3  State of Arizona.  On Plaintiff's information and belief CitiMortgage, Inc. is a subsidiary
4  company of Citibank, N.A.

5      3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant CR
6  Title Services Inc. ("CR") is and at all relevant times herein mentioned was, a corporation
7  organized and existing under and pursuant to the laws of the State of Delaware, and
8  authorized to and regularly, continually and systematically doing business in the State of
9  Arizona.  On Plaintiff's information and belief CR was a subsidiary company of Citibank,
10 N.A.

11     4.      Plaintiff does not know the true names and capacities of the defendants sued
12 herein as DOES 1 through 25 ("DOE Defendants"), inclusive, and therefore sues said DOE
13 Defendants by fictitious names.  Plaintiff is informed and believes and based on such
14 information and belief alleges that each of the DOE Defendants was in some way or manner
15 legally responsible in some manner for the events, happenings, acts, omissions and damages
16 described herein.  Plaintiff will amend this Complaint to set forth the true names and
17 capacities of each DOE Defendant when same are ascertained.

18     5.      Plaintiff is informed and believes and based on such information and belief
19 alleges that in committing the acts alleged in this Complaint each defendant was at all
20 material times the agent, employer, employee, servant, principal or subsidiary of the other
21 defendants and was acting within the course and scope of that agency, service, employment,
22 or capacity in performing the acts and omitting to act as averred herein. The conduct of each
23 defendant was ratified by each codefendant.  Each of the Defendants named herein are
24 believed to, and are alleged to have been acting in concert with, as employee, agent, co-
25 conspirator or member of a joint venture of, each of the other Defendants, and are therefore
26 alleged to be jointly and severally liable for the claims set forth herein, except as otherwise
27 alleged.

28

**JURSDICTION**

6.     This Court has original jurisdiction over the subject matter of this action pursuant to A.R.S. § 12-123.

7.     Venue is proper in this Court pursuant to A.R.S. §12-401 because Plaintiff resides in this county, the acts complained of herein have taken place within Maricopa County, Arizona, and because Defendants are authorized to conduct business in this county, have intentionally availed themselves of the laws of this county and do substantial business in this county.

**GENERAL ALLEGATIONS**

8.     On or about August 17, 2010 a Statement of Complaint Against a Notary Public was filed with the Arizona Secretary of State against Kristin Lindner regarding the manner and method by which she was performing her notarial services on behalf of Defendants Citi and CR. Specifically, the Complaint alleged that documents Ms. Lindner notarized (an Assignment of Deed of Trust and Substitution of Trustee) were improper because the signer was not present.

9.     On Plaintiff's information and belief, Defendants Citi and CR became aware of the Complaint against and the investigation of their employee no later than September 2010. Notwithstanding being aware of the Complaint and investigation, on Plaintiff's further information and belief, Defendants Citi and CR took no steps to remove or take any other action with respect to Ms. Lindner what would prevent her from the performance of notarial services on their behalf, or to supervise her to insure that she was correctly performing her duties and obligations as a Notary Public in full accordance with Arizona law.

10.     The Arizona Secretary of State investigated Ms. Lindner and subsequently issued a comprehensive letter setting forth its findings, a copy of which is attached hereto as Exhibit A. Based upon its findings, the Arizona Secretary of State determined Ms. Lindner's transgressions warranted the immediate revocation of her notary commission effective

3

December 6, 2010. In an extensive discussion, the Arizona Secretary of State detailed and described Ms. Lindner's transgressions which included her failure to include required information about the signer such as their printed name, their address or the evidence used to confirm the signer's identity. The Arizona Secretary of State also noted that the journal provided by Ms. Lindner, in addition to failing to have the information for the documents that were the subject of the Complaint, had a total of thirty (30) like instances where required information was wholly absent. Additionally, the Arizona Secretary of State concluded Ms. Lindner had "failed to properly perform the acknowledgement and executed a notarial certificate containing a false statement...."

11.    Indeed the revocation of Ms. Lindner's notary commission was expressly based on her failure to record requisite journal information, her failure to record notarization fees in journal records, her failure to accept satisfactory evidence of identity, her failure to properly perform the acknowledgement, her failure to state her commission-expiration date in the notarial certificate, her knowing execution of a false statement, and her failure to discharge fully and faithfully the duties of a notary public.

12.    On Plaintiff's information and belief, Defendants Citi and CR were informed of the revocation of Ms. Lindner's notary commission. Notwithstanding receiving such notification, Defendants Citi and CR continued to allow Ms. Lindner to perform notarial services on their behalf, including but not limited to notarizing Assignments of Deeds of Trust, Substitution of Trustee, Notice of Default, and Notice of Trustee Sale for three months after her notary commission was revoked and when she had no authority to act as a notary.

13.    The documents Ms. Lindner notarized for the Defendants' post-commission revocation were recorded by Defendants Citi and CR in county recorders' offices both within and outside the state of Arizona and used as the underlying legal basis to institute non-judicial foreclosure against hundreds of properties in various states, including Arizona, California, Nevada, Idaho and Oregon.

14.     As a result of reciprocal statutes amongst the several states giving full faith and credit to, and accepting the authenticity of, notarizations performed in Arizona as if notarized within their own states by properly licensed notary publics pursuant to their own state laws, the county recorders' offices located outside of Arizona allowed the notarized documents to be recorded in their states based on the belief that the State of Arizona was properly supervising/regulating its licensed notaries and that the Arizona notary was comporting with all legal requirements in Arizona. Had the county recorders' offices located outside of Arizona known that said documents were not in fact properly notarized such recordings would not have been allowed and such documents could not have subsequently been used as the basis for foreclosure proceedings on properties located in those states.

15.     On Plaintiff's information and belief, hundreds and perhaps thousands of documents were fraudulently created, notarized, recorded and used in the non-judicial foreclosure process by Defendants Citi and CR after Ms. Lindner's notary commission had been revoked by the State of Arizona.

16.     To date, Defendants Citi and CR have made no attempt to reconstitute, re-do, or re-notarize the invalid documentation properly, nor have they made any attempt to advise any purported current owners of the properties or the Deeds of Trust purportedly encumbering those properties that there is or may be an issue with the title they believe they have.

17.     On Plaintiff's information and belief, on or about December 16, 2010, after the date that Ms. Lindner's notary commission had been revoked by the Secretary of State, she nevertheless assisted Defendants Citi and CR in the preparation and notarization of an Assignment of Deed of Trust, a Substitution of Trustee, and a Notice of Trustees' Sale on Plaintiff's property.  Shortly thereafter, these documents (notarized by Ms. Lindner) were recorded by Defendants Citi and CR in the Office of the County Recorder of Maricopa County and used as a basis to initiate non judicial foreclosure proceedings against Plaintiff's property.

18.     On Plaintiff's further information and belief, there were additional employees of Defendants Citi and CR during the relevant time period, including but not limited to a Stephanie Abcede, who also notarized Assignments of Deeds of Trust, Substitution of Trustees, Notices of Default, and Notices of Trustee Sale at a time that their notary commissions were either suspended or revoked by the State of Arizona. On Plaintiff's information and belief, Defendants Citi and CR were aware that Ms. Abcede as well as others who they employed to notarize mortgage related documents were doing so with invalid notary licenses but nonetheless still allowed them to continue to notarize documents which Defendants Citi and CR subsequently recorded and used as a basis to initiate non judicial foreclosure proceedings for additional properties in various states, including Arizona, California, Nevada, Idaho and Oregon.  On Plaintiff's information and belief, to date, Defendants Citi and CR have made no attempt to reconstitute, re-do, or re-notarize the invalid documentation properly, nor have they made any attempt to advise any purported current owners of the properties or the Deeds of Trust purportedly encumbering those properties that there is or may be an issue with the title they believe they have.

## CLASS ACTION ALLEGATIONS

19.     Pursuant to Rule 23(a) and (b)(3) of the Arizona Rules of Civil Procedure, Plaintiff brings this action on his own behalf, and on behalf of others similarly situated, and seeks certification of the following class defined as:

> All property owners or beneficial title holders whose properties were the subject of recordations by Defendants Citi and CR in the Office of the County Recorder wherever situated during the applicable statutory limitations period that were notarized in the State of Arizona by employees of Defendants at a time when their Notary Licenses had been revoked or suspended.[1]

---

[1] Excluded from the Class are Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which the Defendants have a controlling interest or which is related to or affiliated with the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party.

6

20.    **Numerosity**. Plaintiff is unable to state the precise number of potential members of the Plaintiff Class because that information is in the possession of Defendants. Plaintiff is informed and believes however that the members of the Class run into the hundreds of property owners. Plaintiff is further informed and believes and on that basis alleges that the Plaintiff Class numbers are so numerous that the joinder of each member of the class would be impracticable. The exact size of the Plaintiff Class and the identity of the members thereof would be readily ascertainable from the business records of Defendants.

21.    **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact affecting the Plaintiff Class. The class members' claims against Defendants involve questions of common or general interest. The questions of law and fact common to the Plaintiff Class that predominate over questions affecting only individual members include, *inter alia*, the following:  a) Whether the actions of Defendants Citi and CR as herein described resulted in the creation of documents that were forged, fraudulent, false, groundless or otherwise invalid; b) whether Defendants Citi and CR knew or should have known that these documents were forged, fraudulent, false, groundless or otherwise invalid; c) whether Defendants Citi and CR then recorded these forged, fraudulent, false, groundless or otherwise invalid documents against residential properties; d) whether Defendants Citi and CR then used these forged, fraudulent, false, groundless or otherwise invalid documents to initiate non judicial foreclosure proceedings against the subject properties; e) whether Plaintiff or other members of the Class are entitled to an award of statutory penalties as a result of Defendants' wrongful conduct in violation of ARS § 33-420A; and (f) whether applicable statutory benefits are calculable on a classwide basis.

22.    **Typicality**. These questions are such that proof of a state of facts common to the members of the class will entitle each member of the class to the relief requested in this complaint.

7

23.     **Superiority under Rule 23(b)(3).** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, the members of the Plaintiff Class have no plain, speedy, or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiff is informed and believes, and on that basis alleges, that the damage to each member of the class is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants Citi and CR. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain cost effective redress for the wrongs done to them other than by a class action. Furthermore, even if Class members could afford such individualized litigation the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances presented here. There will be no real difficulty in the management of this litigation as a class action.

24.     **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the class and Plaintiff's claims are typical of the claims of all class members. Plaintiff has retained counsel experienced in consumer class actions litigation and Plaintiff intends to pursue this action vigorously on behalf of other similarly situated property owners. Plaintiff has no interests adverse or antagonistic to those of the proposed class.

///

///

///

///

8

**FIRST CAUSE OF ACTION**

(False Documents; Violation of ARS 33-420(A))

(Against Citi, CR and Certain Doe Defendants)

25.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24, inclusive, and incorporates them as though fully set forth herein;

26.    ARS § 33-420(A) provides that: "A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action."

27.    As alleged herein Defendants Citi and CR, and their agents, directly violated the prohibitions contained within said statute by preparing, notarizing, and recording Assignments of Deed of Trust, Substitutions of Trustee, Notices of Default, and Notices of Trustee Sale that they knew were forged, groundless, or otherwise invalid as they were notarized by employees whose notary commissions were either revoked or suspended at the time they executed the documents at issue.  *See In Re Mortgage Electronic Registration Systems, Inc.* 754 F.3d 772 (9th Cir. 2014).

28.    Additionally, Defendants Citi and CR, directly violated the provisions of the statute by failing to correct and retract documents they recorded that they knew or should have known had been recorded in violation of the statute.

29.    As a direct and proximate result of their actions Plaintiff and the Member class have been damaged and are entitled to the statutory penalties prescribed in said statute.

///

///

///

9

1    **WHEREFORE**, Plaintiff, on behalf of himself and all class members, prays for

2  judgment as follows:

3         1. Certifying the class as requested herein and appointing Plaintiff as the class

4            representative;

5         2. Awarding Plaintiff and the class all applicable civil/statutory penalties

6            available under applicable Arizona law;

7         3. Awarding Plaintiff and the class reasonable attorneys' fees and expenses

8            pursuant to statute; and

9         4. Awarding Plaintiff and the class any and all other relief as the Court deems

10           just and proper.

11                                **JURY DEMAND**

12     Plaintiff demands a jury trial of all issues triable by right by jury.

13

14  DATED: January 27, 2015                **BONNETT, FAIRBOURN, FRIEDMAN**
                                           **& BALINT, P.C.**
15

16                                         By: s/Andrew S. Friedman
                                           Andrew S. Friedman, Esq. (005425)
17                                         Patricia N. Syverson, Esq.  (020191)
                                           2325 East Camelback Road, Suite 300
18                                         Phoenix, Arizona 85016
                                           afriedman@bffb.com
19                                         psyverson@bffb.com
                                           Telephone: (602) 274-1100
20
                                           David N. Lake, CA State Bar No. 180775
21                                         **LAW OFFICES OF DAVID N. LAKE,**
                                             **A Professional Corporation**
22                                         16130 Ventura Boulevard, Suite 650
                                           Encino, California 91436
23                                         david@lakelawpc.com
                                           Telephone: (818) 788-5100
24                                         Facsimile: (818) 788-5199

25                                         Attorneys for Plaintiff

26

27

28

                                        10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Original E-filed through: www/azturbocourt.gov
this 27th day of January, 2015.


*/s/ Andrew S. Friedman*
Andrew S. Friedman

11

# EXHIBIT A



**KEN BENNETT**
**SECRETARY OF STATE**
**STATE OF ARIZONA**



December 6, 2010

**CERTIFIED MAIL**
Kristen B. Linder

Re: *Notary Kristen B. Lindner; Complainant Ryan Safar*

Dear Ms. Lindner,

Pursuant to A.R.S. § 41-331(A), the Attorney General's Office ("AGO") has investigated the complaint brought against Notary, Kristen B. Linder ("Notary"), by Ryan Safar ("Complainant"). The Complainant alleged that the Notary notarized a Substitution of Trustee and an Assignment of Deed of Trust on April 2, 2010, even though the signer could not have been in the State of Arizona to sign the documents in the Notary's presence.

*The investigation into the complaint made against the Notary does not purport to conduct an exhaustive legal analysis on whether the document(s) is/are valid. These disputes should be resolved before the proper tribunal. The Secretary of State ("Secretary") does not have the authority to assess whether any signature(s) on the document(s) were forged or to settle any legal disputes regarding the document(s). The Secretary only has authority to determine if under the notary statutes, the Notary fully and faithfully discharged the duties of a notary public, and properly notarized the document(s).*

A.     The Notary Failed to Address the Allegations.

Notaries are required to respond to an AGO investigation about their notarial services. A.R.S. §§ 41-331(B) & 41-313(B)(4).

As part of the investigation, the AGO forwarded to the Notary the complaint form and report filed by the complainant which describes the allegations in detail. In this instance, in her response letter the Notary failed to directly address the allegations regarding the signer not being in the State of Arizona in order to sign the documents in the Notary's presence. Therefore, the Notary has failed to comply with any investigations that are initiated by the secretary of state or the attorney general and provides grounds suspension or revocation. A.R.S. §§ 41-313(B)(4), 41-330(A)(4) and 41-331(B).

B.     The Notary Provided Her Journal.

Notaries must maintain a journal and produce a copy if the Attorney General or a member of the public requests it. A.R.S. §§ 41-313(B)(1), 41-319(A)&(F).

Here, the Notary provided a copy of her notary journal as requested. In doing so, the Notary has met the standards of the law.

KEN BENNETT
SECRETARY OF STATE
STATE OF ARIZONA

C.     The Notary's Journal is Problematic.

Notaries are required to maintain a journal and produce a copy if the Attorney General or a member of the public requests it. A.R.S. §§ 41-313(B)(1), 41-319(A)&(F). A notary public must record a journal entry for each notarial act. A.R.S. § 41-319(A). A notary's journal must contain the following: (1) the date of the notarial act; (2) the document description or type of notarial act; (3) the printed name of the signer as well as his or her address and signature; (4) the type of evidence for the signer's identity; (5) the specific identity information of the signer; and (6) the fee, if any, charged for the notarization. A.R.S. § 41-319. When a Notary accepts an identification document that meets requirements set forth in A.R.S. § 41-311(11)(a)(b), they must record a description of the identification document including but not limited to; (a) a description of the identification document, (b) its serial or identification number, and (c) it's issuance or expiration date. A.R.S. §§ 41-313(B)(1), 41-319(A)(5).

     1.     The Notary's Journal Does Not Meet Statute Requirements.

In this instance, the copy of the Notary's journal does not include the following required information for any of the entries provided: the printed name of the signer(s) as well as his or her address; the type of evidence for the signer's identity; the specific identity information of the signer; and the fee, if any, charged for the notarization. In failing to keep a journal in compliance with A.R.S. § 41-319, the Notary has failed to fully and faithfully discharge the duties of a notary public providing grounds for suspension or revocation. A.R.S. §§ 41-313(B)(1), 41-319 and 41-330(A)(4).

     2.     The Notary's Journal Entries Lack Requisite Journal Information.

The journal entry in question (9th from bottom, TS#: T10-60681-AZ) includes the notarization date and two (2) circled designations for the respective title of each document in question. It further identifies two signers, although our copy of each document identifies one signer (David Martinez); one the signer in the entry is identified by ditto-marks as David Martinez and another by a printed name as Teresa Fernandez. Additionally, on the journal copy provided there are a total of thirty (30) entries, including the entry in question, that do not include the address, signature, or ID information of signer(s); and it does not contain a line or information for a notarization fee to be recorded in any is charged. In failing to record all requisite journal information the Notary has failed to fully and faithfully discharge the duties of a notary public providing grounds for suspension or revocation. A.R.S. §§ 38-411, 41-313(B)(1), 41-319 and 41-330(A)(4).

D.     The Notary Executed a Notarial Certificate Known to be False.

To perform an "acknowledgment" properly, a notary must (1) identify the signer and (2) put the ID information in his or her notary journal; and the signer must (3) be present with the notary when the notary affixes the notary stamp and signature to the document. A.R.S. § 41-311(1) and 41-319.

# KEN BENNETT
## SECRETARY OF STATE
## STATE OF ARIZONA

Because the Notary's journal entry does not include ID information or a signature of either signer identified in the entry, the entry does not clearly show that the Notary identified either signer; and it does not clearly indicate that either signer was present with the Notary for the notarization. Therefore, the Notary failed to properly perform the acknowledgment and executed a notarial certificate containing a false statement providing the Secretary grounds for suspension or revocation. A.R.S. §§ 41-319 and 41-330(A)(10).

E.     **The Notarial Certificate is Incomplete.**

Per A.R.S. § 41-313(B)(3), on the date each document was notarized --although not presently required-- the Notary was required to authenticate with the official seal all official acts, and affix the date of the expiration of the notary's commission as the notary on every certificate or acknowledgment signed and sealed by the notary. In this case, the Notary's commission-expiration date on each document is stated only in her affixed stamp. In failing to include all the required information for a proper notarial certificate, the Notary has failed to fully and faithfully discharge the duties of a notary public providing grounds for suspension or revocation. A.R.S. §§ 41-313(B)(3) and 41-330(A)(4).

F.     **Conclusion.**

The Secretary possesses special knowledge and expertise in interpreting the notary statutes and believes that the definitions, requirements (i.e. oath & bond) and duties outlined in A.R.S. § 41-311 through A.R.S. § 41-332 are standards with which each notary must comply.

The Secretary believes that in addition to the specific offenses outlined by the Arizona legislature which would warrant action against a notary's commission, in cases where there is substantial evidence that the notary's actions fail to meet the standards described in the notary statutes, the Secretary has grounds to refuse, revoke or suspend a notary's commission for "failure to discharge fully and faithfully any of the duties or responsibilities required of a notary public." A.R.S. § 41-330(A)(4).

Therefore, the Secretary of State has determined to revoke the Notary's commission effective immediately. The revocation of the Notary's commission is based on the following violations of Arizona notary law:

1.  The Notary failed to record requisite journal information. A.R.S. §§ 41-319 & 41-313(B)(1).
2.  The Notary has failed to record the notarization fees in her journal records. A.R.S. §§ 38-411 and 38-414.
3.  The Notary failed to respond to any requests for information and comply with the any investigations that are initiated by the secretary of state or the attorney general. A.R.S. §§ 41-313(B)(4) and 41-331(B).
4.  The Notary failed to accept satisfactory evidence of identity. A.R.S. § 41-319(A)(4) & (B).
5.  The Notary failed to properly perform the acknowledgment. A.R.S. § 41-313.

# KEN BENNETT
## SECRETARY OF STATE
### STATE OF ARIZONA

6. The Notary failed to state her commission-expiration date in the notarial certificate. A.R.S. § 41-313(B)(3).
7. The Notary executed a statement known to be false. A.R.S. § 41-330(A)(10).
8. Failure to discharge fully and faithfully the duties of a notary public. A.R.S. § 41-330(A)(4).

The Notary is required to deliver his or her notary seal, notarial journal(s) and notarial records to our office. All correspondence and surrendered items should be sent by certified mail or other means providing a receipt. Items are required to be sent within three months of a notary's revocation or the notary shall forfeit not less than $50 or more than $500 to the state. A.R.S. § 41-317.

The Notary has a right to request an evidentiary hearing pursuant to A.R.S.§ 41-1092.03 by filing a written notice of appeal with the Office of the Arizona Secretary of State within thirty (30) days of receipt of this notice. If the Notary request an evidentiary hearing as referenced above, he or she may also request an informal settlement conference pursuant to A.R.S. § 41-1092.06. If a hearing is not requested within the time provided by the statute, the decision will stand.

If you have any concerns regarding this issue, you may contact Yolanda Morales directly at 602-542-6315.

Sincerely,

Holly Textor, Notary Unit Supervisor
Business Services Division

Cc:     Attorney General's Office
        Notary File

Superior Court of Arizona
In Maricopa County

# CV2014-014330

(Please Type or Print)

| | MICHAEL K. JEANES, CLERK<br>RECEIVED NE OUTSIDE<br>DEPOSITORY |
|---|---|
| | 14 DEC -8 PM 6:26 |
| Is Interpreter Needed? ☐ Yes ☒ No | FILED |
| If yes, what language: _____ | BY G. HOFFARBER, DEP |
| To the best of my knowledge, all information is true and correct. | |

Plaintiff's Attorney:
Andrew S. Friedman

Attorney's Bar Number:  005425

Attorney/Pro Per Signature (if not attorney, YOUR signature)

Plaintiff's Name(s):  (List all)
David A. Kester

Plaintiff's Address:
c/o Bonnett Fairbourn Friedman & Balint
2325 E. Camelback Rd., Ste. 300
Phoenix, AZ 85016

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List all.)
Citimortgage, Inc., CR Title Services, Inc., Does 1 to 25

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)

☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction

☐ Provisional Remedy
☐ Election Challenge
☐ Other

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY.  (Mark appropriate box under **Nature of Action**.)

☒ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
   ☐ 136 Six to Nineteen Structures
   ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☒ 182 Civil Penalty
- ☐ 186 Water Rights (**Not General Stream Adjudication**)
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704)
    (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
    (See lower court appeal cover sheet in Maricopa)
- ☐ 194-Immigration Enforcement Challenge
    (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- ☐ Notice of Appeal pursuant to A.R.S. § 12-904
    (formerly "Administrative Review")
    (Use lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
(All other tax matters must be filed in the AZ Tax
Court)

Case No. _____

- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence(A.R.S.§12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other

(Specify) _____

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☒ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BONNETT, FAIRBOURN, FRIEDMAN**
**& BALINT, P.C.**
Andrew S. Friedman, Esq. (005425)
Patricia N. Syverson, Esq.  (020191)
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
afriedman@bffb.com
psyverson@bffb.com
Telephone: (602) 274-1100

David N. Lake, CA State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE,**
  **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 788-5199
david@lakelawpc.com

Attorneys for Plaintiff

MICHAEL A. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

'14 DEC -8  PM 6: 26

**FILED**

**BY G. HOFFARBER**, DEP

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**MARICOPA COUNTY**

| | |
|---|---|
| DAVID A. KESTER, on behalf of himself and all others similarly situated, | CASE NO.  CV2014-014330 |
| Plaintiff, | |
| v. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| CITIMORTGAGE, INC.; CR TITLE SERVICES, INC.; and DOES 1 to 25, inclusive | |
| Defendants. | |

1    The undersigned certifies that the largest award sought by the complainant, including

2    punitive damages, but excluding interest, attorneys' fees, and costs does exceed limits set by

3    Local Rule for compulsory arbitration.  This case is not subject to the Uniform Rules of

4    Procedure for Arbitration.

5    SUBMITTED this 8th day of December, 2014.

6                                             BONNETT, FAIRBOURN, FRIEDMAN
                                              & BALINT, P.C.
7
                                              By
8                                             Andrew S. Friedman, Esq. (005425)
                                              Patricia N. Syverson, Esq. (020191)
9                                             2325 East Camelback Road, Suite 300
                                              Phoenix, Arizona 85016
10                                            afriedman@bffb.com
                                              psyverson@bffb.com
11                                            Telephone: (602) 274-1100

12                                            David N. Lake, CA State Bar No. 180775
                                              LAW OFFICES OF DAVID N. LAKE,
13                                              A Professional Corporation
                                              16130 Ventura Boulevard, Suite 650
14                                            Encino, California 91436
                                              david@lakelawpc.com
15                                            Telephone: (818) 788-5100
                                              Facsimile: (818) 788-5199
16
                                              Attorneys for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

                                              1

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

1   **BONNETT, FAIRBOURN, FRIEDMAN**
     **& BALINT, P.C.**

2   Andrew S. Friedman, Esq. (005425)

14 DEC -8 PM 6: 26

3   Patricia N. Syverson, Esq. (020191)
    2325 East Camelback Road, Suite 300

**FILED**

4   Phoenix, Arizona 85016
    afriedman@bffb.com

BY G. HOFFARBER, DEP

5   psyverson@bffb.com
    Telephone: (602) 274-1100

PAID
$ 319
R#2419-0626

6   David N. Lake, CA State Bar No. 180775

7   **LAW OFFICES OF DAVID N. LAKE,**
     **A Professional Corporation**

8   16130 Ventura Boulevard, Suite 650
    Encino, California 91436

9   Telephone: (818) 788-5100
    Facsimile: (818) 788-5199

10   david@lakelawpc.com

11   Attorneys for Plaintiff

12

13         **SUPERIOR COURT OF THE STATE OF ARIZONA**

14                 **MARICOPA COUNTY**

15

16   DAVID A. KESTER, on behalf of himself
    and all others similarly situated,     CASE NO.  CV2014-014330

17         Plaintiff,

18

19   v.                    **CLASS ACTION COMPLAINT;**
                           **DEMAND FOR JURY TRIAL**

20   CITIMORTGAGE, INC.; CR TITLE
    SERVICES, INC.; and DOES 1 to 25,

21   inclusive

22         Defendants.       Assigned to Judge:

23

24

25

26

27

28

1    Plaintiff David A. Kester ("Plaintiff"), by and through his attorneys, brings this

2    Complaint against Defendants CitiMortgage, Inc. and CR Title Services, Inc. on behalf of

3    himself and all other similarly situated Arizona residents who were subjected to Defendants'

4    unlawful and unfair practice of preparing and recording in county recorders' offices forged,

5    fraudulent, false, groundless or otherwise invalid documents regarding Plaintiff's and the

6    class members' residences in the form of Assignments of Deeds of Trust, Substitution of

7    Trustee, Notice of Default, and Notice of Trustee's Sale.

8    Plaintiff alleges that the invalid documents which are the subject of this class action

9    were prepared within the state of Arizona on behalf of Defendants, and were then

10   "notarized" within Arizona by employees of Defendants acting within the course and scope

11   of their employment under cover of facially valid Arizona Notary Public stamps issued in

12   the names of these employees.  These invalid documents were then used by Defendants to

13   create or transfer interests in or liens upon property and then initiate non-judicial foreclosure

14   actions against Plaintiff's and class members' property in violation of ARS § 33-420(A),

15   resulting in Plaintiff and class members losing their homes directly via foreclosure or losing

16   them by being coerced into selling them via short sales to avoid non judicial foreclosure.

17   Plaintiff seeks statutory penalties on behalf of himself and all other class members resulting

18   from Defendants' wrongful conduct.

19                                      **PARTIES**

20   1.    Plaintiff is, and at all times mentioned herein was, a resident of the State of

21   Arizona, County of Maricopa and at the time of the actions herein alleged was the legal

22   owner, along with his wife, of a property located at 3773 E. Nolan Dr., Chandler, Arizona

23   85249.

24   2.    Plaintiff is informed and believes, and on that basis alleges, that Defendant

25   CitiMortgage, Inc. ("Citi" or "CitiMortgage") is, and at all relevant times mentioned herein

26   was, a corporation organized and existing under and pursuant to the laws of the State of New

27   York, and authorized to and regularly, continually and systematically doing business in the

28

1

1  State of Arizona. On Plaintiff's information and belief CitiMortgage, Inc. is a subsidiary
2  company of Citibank, N.A.

3      3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant CR
4  Title Services Inc. ("CR") is and at all relevant times herein mentioned was, a corporation
5  organized and existing under and pursuant to the laws of the State of Delaware, and
6  authorized to and regularly, continually and systematically doing business in the State of
7  Arizona. On Plaintiff's information and belief CR was a subsidiary company of Citibank,
8  N.A.

9      4.      Plaintiff does not know the true names and capacities of the defendants sued
10  herein as DOES 1 through 25 ("DOE Defendants"), inclusive, and therefore sues said DOE
11  Defendants by fictitious names.  Plaintiff is informed and believes and based on such
12  information and belief alleges that each of the DOE Defendants was in some way or manner
13  legally responsible in some manner for the events, happenings, acts, omissions and damages
14  described herein.  Plaintiff will amend this Complaint to set forth the true names and
15  capacities of each DOE Defendant when same are ascertained.

16      5.      Plaintiff is informed and believes and based on such information and belief
17  alleges that in committing the acts alleged in this Complaint each defendant was at all
18  material times the agent, employer, employee, servant, principal or subsidiary of the other
19  defendants and was acting within the course and scope of that agency, service, employment,
20  or capacity in performing the acts and omitting to act as averred herein. The conduct of each
21  defendant was ratified by each codefendant.  Each of the Defendants named herein are
22  believed to, and are alleged to have been acting in concert with, as employee, agent, co-
23  conspirator or member of a joint venture of, each of the other Defendants, and are therefore
24  alleged to be jointly and severally liable for the claims set forth herein, except as otherwise
25  alleged.

26  ///
27  ///
28

**JURSDICTION**

6.    This Court has original jurisdiction over the subject matter of this action pursuant to A.R.S. § 12-123.

7.    Venue is proper in this Court pursuant to A.R.S. §12-401 because Plaintiff resides in this county, the acts complained of herein have taken place within Maricopa County, Arizona, and because Defendants are authorized to conduct business in this county, have intentionally availed themselves of the laws of this county and do substantial business in this county.

**GENERAL ALLEGATIONS**

8.    On or about August 17, 2010 a Statement of Complaint Against a Notary Public was filed with the Arizona Secretary of State against Kristin Lindner regarding the manner and method by which she was performing her notarial services on behalf of Defendants Citi and CR. Specifically, the Complaint alleged that documents Ms. Lindner notarized (an Assignment of Deed of Trust and Substitution of Trustee) were improper because the signer was not present.

9.    On Plaintiff's information and belief, Defendants Citi and CR became aware of the Complaint against and the investigation of their employee no later than September 2010. Notwithstanding being aware of the Complaint and investigation, on Plaintiff's further information and belief, Defendants Citi and CR took no steps to remove or take any other action with respect to Ms. Lindner what would prevent her from the performance of notarial services on their behalf, or to supervise her to insure that she was correctly performing her duties and obligations as a Notary Public in full accordance with Arizona law.

10.    The Arizona Secretary of State investigated Ms. Lindner and subsequently issued a comprehensive letter setting forth its findings, a copy of which is attached hereto as Exhibit A. Based upon its findings, the Arizona Secretary of State determined Ms. Lindner's transgressions warranted the immediate revocation of her notary commission effective

December 6, 2010.  In an extensive discussion, the Arizona Secretary of State detailed and described Ms. Lindner's transgressions which included her failure to include required information about the signer such as their printed name, their address or the evidence used to confirm the signer's identity.  The Arizona Secretary of State also noted that the journal provided by Ms. Lindner, in addition to failing to have the information for the documents that were the subject of the Complaint, had a total of thirty (30) like instances where required information was wholly absent. Additionally, the Arizona Secretary of State concluded Ms. Lindner had "failed to properly perform the acknowledgement and executed a notarial certificate containing a false statement...."

11.     Indeed the revocation of Ms. Lindner's notary commission was expressly based on her failure to record requisite journal information, her failure to record notarization fees in journal records, her failure to accept satisfactory evidence of identity, her failure to properly perform the acknowledgement, her failure to state her commission-expiration date in the notarial certificate, her knowing execution of a false statement, and her failure to discharge fully and faithfully the duties of a notary public.

12.     On Plaintiff's information and belief, Defendants Citi and CR were informed of the revocation of Ms. Lindner's notary commission.  Notwithstanding receiving such notification, Defendants Citi and CR continued to allow Ms. Lindner to perform notarial services on their behalf, including but not limited to notarizing Assignments of Deeds of Trust, Substitution of Trustee, Notice of Default, and Notice of Trustee Sale for three months after her notary commission was revoked and when she had no authority to act as a notary.

13.     The documents Ms. Lindner notarized for the Defendants post-commission revocation were recorded by Defendants Citi and CR in the county recorders offices both within and outside the state of Arizona and used as the foundation for and underlying legal basis to institute non-judicial foreclosure against hundreds of properties in Arizona and perhaps other states. On Plaintiff's information and belief, hundreds and perhaps thousands of documents were fraudulently created, notarized, recorded and used in the non-judicial

1   foreclosure process by Defendants Citi and CR after Ms. Lindner's notary commission had

2   been revoked by the State of Arizona.

3       14.    To date, Defendants Citi and CR have made no attempt to reconstitute, re-do,

4   or re-notarize the invalid documentation properly, nor have they made any attempt to advise

5   any purported current owners of the properties or the Deeds of Trust purportedly

6   encumbering those properties that there is or may be an issue with the title they believe they

7   have.

8       15.    On Plaintiff's information and belief, on or about December 16, 2010, after

9   the date that Ms. Lindner's notary commission had been revoked by the Secretary of State,

10  she nevertheless assisted Defendants Citi and CR in the preparation and notarization of an

11  Assignment of Deed of Trust, a Substitution of Trustee, and a Notice of Trustees' Sale on

12  Plaintiff's property.  Shortly thereafter, these documents (notarized by Ms. Lindner) were

13  recorded by Defendants Citi and CR in the Office of the County Recorder of Maricopa

14  County and used as a basis to initiate non judicial foreclosure proceedings against Plaintiff's

15  property.

16      16.    On Plaintiff's further information and belief, there were additional employees

17  of Defendants Citi and CR during the relevant time period, including but not limited to a

18  Stephanie Abcede, who also notarized Assignments of Deeds of Trust, Substitution of

19  Trustees, Notices of Default, and Notices of Trustee Sale at a time that their notary

20  commissions were either suspended or revoked by the State of Arizona. On Plaintiff's

21  information and belief, Defendants Citi and CR were aware that Ms. Abcede as well as

22  others who they employed to notarize mortgage related documents were doing so with

23  invalid notary licenses but nonetheless still allowed them to continue to notarize documents

24  which Defendants Citi and CR subsequently recorded and used as a basis to initiate non

25  judicial foreclosure proceedings for additional Arizona and other properties. On Plaintiff's

26  information and belief, to date, Defendants Citi and CR have made no attempt to

27  reconstitute, re-do, or re-notarize the invalid documentation properly, nor have they made

28

1  any attempt to advise any purported current owners of the properties or the Deeds of Trust

2  purportedly encumbering those properties that there is or may be an issue with the title they

3  believe they have.

4  ### CLASS ACTION ALLEGATIONS

5      17.    Pursuant to Rule 23(a) and (b)(3) of the Arizona Rules of Civil Procedure,

6  Plaintiff brings this action on his own behalf, and on behalf of others similarly situated, and

7  seeks certification the following class defined as:

8
9  > All property owners in Arizona whose properties were the subject of
> recordations by Defendants Citi and CR in the Office of the County Recorder
10 > during the applicable statutory limitations period that were notarized in the
> State of Arizona by employees of Defendants at a time when their Notary
11 > Licenses had been revoked or suspended.[1]

12     18.    **Numerosity**. Plaintiff is unable to state the precise number of potential

13 members of the Plaintiff Class because that information is in the possession of Defendants.

14 Plaintiff is informed and believes however that the members of the Class run into the

15 hundreds of property owners. Plaintiff is further informed and believes and on that basis

16 alleges that the Plaintiff Class numbers are so numerous that the joinder of each member of

17 the class would be impracticable. The exact size of the Plaintiff Class and the identity of the

18 members thereof would be readily ascertainable from the business records of Defendants.

19     19.    **Existence and Predominance of Common Questions of Law and Fact.**

20 There is a well-defined community of interest in the questions of law and fact affecting the

21 Plaintiff Class. The class members' claims against Defendants involve questions of common

22 or general interest. The questions of law and fact common to the Plaintiff Class that

23 predominate over questions affecting only individual members include, *inter alia*, the

24 following:  a) Whether the actions of Defendants Citi and CR as herein described resulted

25

26 [1] Excluded from the Class are Defendants, any person, firm, trust, corporation, officer,
director or other individual or entity in which the Defendants have a controlling interest or
27 which is related to or affiliated with the Defendants, and the legal representatives, heirs,
successors-in-interest or assigns of any such excluded party.
28

1   in the creation of documents that were forged, fraudulent, false, groundless or otherwise

2   invalid; b) whether Defendants Citi and CR knew or should have known that these

3   documents were forged, fraudulent, false, groundless or otherwise invalid; c) whether

4   Defendants Citi and CR then recorded these forged, fraudulent, false, groundless or

5   otherwise invalid documents against residential properties; d) whether Defendants Citi and

6   CR then used these forged, fraudulent, false, groundless or otherwise invalid documents to

7   initiate non judicial foreclosure proceedings against the subject properties; e) whether

8   Plaintiff or other members of the Class are entitled to an award of statutory penalties as a

9   result of Defendants' wrongful conduct in violation of ARS § 33-420A; and (f) whether

10   applicable statutory benefits are calculable on a classwide basis.

11       20.   **Typicality**. These questions are such that proof of a state of facts common to

12   the members of the class will entitle each member of the class to the relief requested in this

13   complaint.

14       21.   **Superiority under Rule 23(b)(3).** A class action is superior to other methods

15   for the fair and efficient adjudication of this controversy, since joinder of all members is

16   impracticable.  Furthermore, the members of the Plaintiff Class have no plain, speedy, or

17   adequate remedy at law against Defendants, other than by maintenance of this class action,

18   because Plaintiff is informed and believes, and on that basis alleges, that the damage to each

19   member of the class is relatively small compared to the burden and expense that would be

20   entailed by individual litigation of their claims against Defendants Citi and CR. It would

21   thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain

22   cost effective redress for the wrongs done to them other than by a class action. Furthermore,

23   even if Class members could afford such individualized litigation the court system could

24   not. Individualized litigation would create the danger of inconsistent or contradictory

25   judgments arising from the same set of facts. Individualized litigation would also increase

26   the delay and expense to all parties and the court system from the issues raised by this action.

27   By contrast, the class action device provides the benefits of adjudication of these issues in a

28

7

1  single proceeding, economies of scale, and comprehensive supervision by a single court, and

2  presents no unusual management difficulties under the circumstances presented here. There

3  will be no real difficulty in the management of this litigation as a class action.

4       22.    **Adequacy of Representation**. Plaintiff will fairly and adequately represent

5  and protect the interests of the class and Plaintiff's claims are typical of the claims of all

6  class members. Plaintiff has retained counsel experienced in consumer class actions

7  litigation and Plaintiff intends to pursue this action vigorously on behalf of other similarly

8  situated property owners. Plaintiff has no interests adverse or antagonistic to those of the

9  proposed class.

10                            **FIRST CAUSE OF ACTION**

11               (False Documents; Violation of ARS 33-420(A))

12            (Against Citi, CR and Certain Doe Defendants)

13       23.    Plaintiff repeats and re-alleges each and every allegation contained in

14  paragraphs 1 through 22, inclusive, and incorporates them as though fully set forth herein;

15       24.    ARS § 33-420(A) provides that: "A person purporting to claim an interest in,

16  or a lien or encumbrance against, real property, who causes a document asserting such claim

17  to be recorded in the office of the county recorder, knowing or having reason to know that

18  the document is forged, groundless, contains a material misstatement or false claim or is

19  otherwise invalid is liable to the owner or beneficial title holder of the real property for the

20  sum of not less than five thousand dollars, or for treble the actual damages caused by the

21  recording, whichever is greater, and reasonable attorney fees and costs of the action."

22       25.    As alleged herein Defendants Citi and CR, and their agents, directly violated

23  the prohibitions contained within said statute by preparing, notarizing, and recording

24  Assignments of Deed of Trust, Substitutions of Trustee, Notices of Default, and Notices of

25  Trustee Sale that they knew were forged, groundless, or otherwise invalid as they were

26  notarized by employees whose notary commissions were either revoked or suspended at the

27

28

1   time they executed the documents at issue.  *See In Re Mortgage Electronic Registration*

2   *Systems, Inc.* 754 F.3d 772 (9th Cir. 2014).

3       26.    Additionally, Defendants Citi and CR, directly violated the provisions of the

4   statute by failing to correct and retract documents they recorded that they knew or should

5   have known had been recorded in violation of the statute.

6       27.    As a direct and proximate result of their actions Plaintiff and the Member class

7   have been damaged and are entitled to the statutory penalties prescribed in said statute.

8       **WHEREFORE**, Plaintiff, on behalf of himself and all class members, prays for

9   judgment as follows:

10           1.   Certifying the class as requested herein and appointing Plaintiff as the class

11               representative;

12           2.   Awarding Plaintiff and the class all applicable civil/statutory penalties

13               available under applicable Arizona law;

14           3.   Awarding Plaintiff and the class reasonable attorneys' fees and expenses

15               pursuant to statute; and

16           4.   Awarding Plaintiff and the class any and all other relief as the Court deems

17               just and proper.

18                               **JURY DEMAND**

19       Plaintiff demands a jury trial of all issues triable by right by jury.

20

21   DATED: December 8, 2014             **BONNETT, FAIRBOURN, FRIEDMAN**
                                          **& BALINT, P.C.**

22                                      By:

23                               Andrew S. Friedman, Esq. (005425)
                            Patricia N. Syverson, Esq. (020191)

24                               2325 East Camelback Road, Suite 300
                            Phoenix, Arizona 85016

25                               afriedman@bffb.com
                            psyverson@bffb.com

26                               Telephone: (602) 274-1100

27                               David N. Lake, CA State Bar No. 180775
                            **LAW OFFICES OF DAVID N. LAKE,**
                              **A Professional Corporation**

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16130 Ventura Boulevard, Suite 650
Encino, California 91436
david@lakelawpc.com
Telephone: (818) 788-5100
Facsimile: (818) 788-5199

Attorneys for Plaintiff

# EXHIBIT A



**KEN BENNETT**
SECRETARY OF STATE
STATE OF ARIZONA



December 6, 2010

<u>CERTIFIED MAIL</u>
Kristen B. Linder

*Re: Notary Kristen B. Lindner; Complainant Ryan Safar*

Dear Ms. Lindner,

Pursuant to A.R.S. § 41-331(A), the Attorney General's Office ("AGO") has investigated the complaint brought against Notary, Kristen B. Linder ("Notary"), by Ryan Safar ("Complainant"). The Complainant alleged that the Notary notarized a Substitution of Trustee and an Assignment of Deed of Trust on April 2, 2010, even though the signer could not have been in the State of Arizona to sign the documents in the Notary's presence.

*The investigation into the complaint made against the Notary does not purport to conduct an exhaustive legal analysis on whether the document(s) is/are valid. These disputes should be resolved before the proper tribunal. The Secretary of State ("Secretary") does not have the authority to assess whether any signature(s) on the document(s) were forged or to settle any legal disputes regarding the document(s). The Secretary only has authority to determine if under the notary statutes, the Notary fully and faithfully discharged the duties of a notary public, and properly notarized the document(s).*

A.    <u>The Notary Failed to Address the Allegations.</u>

Notaries are required to respond to an AGO investigation about their notarial services. A.R.S. §§ 41-331(B) & 41-313(B)(4).

As part of the investigation, the AGO forwarded to the Notary the complaint form and report filed by the complainant which describes the allegations in detail. In this instance, in her response letter the Notary failed to directly address the allegations regarding the signer not being in the State of Arizona in order to sign the documents in the Notary's presence. Therefore, the Notary has failed to comply with any investigations that are initiated by the secretary of state or the attorney general and provides grounds suspension or revocation. A.R.S. §§ 41-313(B)(4), 41-330(A)(4) and 41-331(B).

B.    <u>The Notary Provided Her Journal.</u>

Notaries must maintain a journal and produce a copy if the Attorney General or a member of the public requests it. A.R.S. §§ 41-313(B)(1), 41-319(A)&(F).

Here, the Notary provided a copy of her notary journal as requested. In doing so, the Notary has met the standards of the law.

# KEN BENNETT
## SECRETARY OF STATE
## STATE OF ARIZONA

C. **The Notary's Journal is Problematic.**

Notaries are required to maintain a journal and produce a copy if the Attorney General or a member of the public requests it. A.R.S. §§ 41-313(B)(1), 41-319(A)&(F). A notary public must record a journal entry for each notarial act. A.R.S. § 41-319(A). A notary's journal must contain the following: (1) the date of the notarial act; (2) the document description or type of notarial act; (3) the printed name of the signer as well as his or her address and signature; (4) the type of evidence for the signer's identity; (5) the specific identity information of the signer; and (6) the fee, if any, charged for the notarization. A.R.S. § 41-319. When a Notary accepts an identification document that meets requirements set forth in A.R.S. § 41-311(11)(a)(b), they must record a description of the identification document including but not limited to; (a) a description of the identification document, (b) its serial or identification number, and (c) it's issuance or expiration date. A.R.S. §§ 41-313(B)(1), 41-319(A)(5).

1.   *The Notary's Journal Does Not Meet Statute Requirements.*

In this instance, the copy of the Notary's journal does not include the following required information for any of the entries provided: the printed name of the signer(s) as well as his or her address; the type of evidence for the signer's identity; the specific identity information of the signer; and the fee, if any, charged for the notarization. In failing to keep a journal in compliance with A.R.S. § 41-319, the Notary has failed to fully and faithfully discharge the duties of a notary public providing grounds for suspension or revocation. A.R.S. §§ 41-313(B)(1), 41-319 and 41-330(A)(4).

2.   *The Notary's Journal Entries Lack Requisite Journal Information.*

The journal entry in question (9th from bottom, TS#: T10-60681-AZ) includes the notarization date and two (2) circled designations for the respective title of each document in question. It further identifies two signers, although our copy of each document identifies one signer (David Martinez); one the signer in the entry is identified by ditto-marks as David Martinez and another by a printed name as Teresa Fernandez. Additionally, on the journal copy provided there are a total of thirty (30) entries, including the entry in question, that do not include the address, signature, or ID information of signer(s); and it does not contain a line or information for a notarization fee to be recorded in any is charged. In failing to record all requisite journal information the Notary has failed to fully and faithfully discharge the duties of a notary public providing grounds for suspension or revocation. A.R.S. §§ 38-411, 41-313(B)(1), 41-319 and 41-330(A)(4).

D. **The Notary Executed a Notarial Certificate Known to be False.**

To perform an "acknowledgment" properly, a notary must (1) identify the signer and (2) put the ID information in his or her notary journal; and the signer must (3) be present with the notary when the notary affixes the notary stamp and signature to the document. A.R.S. § 41-311(1) and 41-319.

KEN BENNETT
SECRETARY OF STATE
STATE OF ARIZONA

Because the Notary's journal entry does not include ID information or a signature of either signer identified in the entry, the entry does not clearly show that the Notary identified either signer; and it does not clearly indicate that either signer was present with the Notary for the notarization. Therefore, the Notary failed to properly perform the acknowledgment and executed a notarial certificate containing a false statement providing the Secretary grounds for suspension or revocation. A.R.S. §§ 41-319 and 41-330(A)(10).

### E.   The Notarial Certificate is Incomplete.

Per A.R.S. § 41-313(B)(3), on the date each document was notarized --although not presently required-- the Notary was required to authenticate with the official seal all official acts, and affix the date of the expiration of the notary's commission as the notary on every certificate or acknowledgment signed and sealed by the notary. In this case, the Notary's commission-expiration date on each document is stated only in her affixed stamp. In failing to include all the required information for a proper notarial certificate, the Notary has failed to fully and faithfully discharge the duties of a notary public providing grounds for suspension or revocation. A.R.S. §§ 41-313(B)(3) and 41-330(A)(4).

### F.   Conclusion.

The Secretary possesses special knowledge and expertise in interpreting the notary statutes and believes that the definitions, requirements (i.e. oath & bond) and duties outlined in A.R.S. § 41-311 through A.R.S. § 41-332 are standards with which each notary must comply.

The Secretary believes that in addition to the specific offenses outlined by the Arizona legislature which would warrant action against a notary's commission, in cases where there is substantial evidence that the notary's actions fail to meet the standards described in the notary statutes, the Secretary has grounds to refuse, revoke or suspend a notary's commission for "failure to discharge fully and faithfully any of the duties or responsibilities required of a notary public." A.R.S. § 41-330(A)(4).

Therefore, the Secretary of State has determined to revoke the Notary's commission effective immediately. The revocation of the Notary's commission is based on the following violations of Arizona notary law:

1. The Notary failed to record requisite journal information. A.R.S. §§ 41-319 & 41-313(B)(1).
2. The Notary has failed to record the notarization fees in her journal records. A.R.S. §§ 38-411 and 38-414.
3. The Notary failed to respond to any requests for information and comply with the any investigations that are initiated by the secretary of state or the attorney general. A.R.S. §§ 41-313(B)(4) and 41-331(B).
4. The Notary failed to accept satisfactory evidence of identity. A.R.S. § 41-319(A)(4) & (B).
5. The Notary failed to properly perform the acknowledgment. A.R.S. § 41-313.

**KEN BENNETT**
SECRETARY OF STATE
STATE OF ARIZONA

6. The Notary failed to state her commission-expiration date in the notarial certificate. A.R.S. § 41-313(B)(3).
7. The Notary executed a statement known to be false. A.R.S. § 41-330(A)(10).
8. Failure to discharge fully and faithfully the duties of a notary public. A.R.S. § 41-330(A)(4).

The Notary is required to deliver his or her notary seal, notarial journal(s) and notarial records to our office. All correspondence and surrendered items should be sent by certified mail or other means providing a receipt. Items are required to be sent within three months of a notary's revocation or the notary shall forfeit not less than $50 or more than $500 to the state. A.R.S. § 41-317.

The Notary has a right to request an evidentiary hearing pursuant to A.R.S.§ 41-1092.03 by filing a written notice of appeal with the Office of the Arizona Secretary of State within thirty (30) days of receipt of this notice. If the Notary request an evidentiary hearing as referenced above, he or she may also request an informal settlement conference pursuant to A.R.S. § 41-1092.06. If a hearing is not requested within the time provided by the statute, the decision will stand.

If you have any concerns regarding this issue, you may contact Yolanda Morales directly at 602-542-6315.

Sincerely,

Holly Textor, Notary Unit Supervisor
Business Services Division

Cc:   Attorney General's Office
      Notary File

# EXHIBIT B

1  QUARLES & BRADY LLP
   Firm State Bar No. 00443100
2  Renaissance One
   Two North Central Avenue
3  Phoenix, Arizona 85004-2391
   Telephone 602.229.5200
4  Lauren Elliott Stine (#025083)
   lauren.stine@quarles.com
5
   MAYER BROWN LLP
6  (Pro Hac Vice Forthcoming)
   Lucia Nale (Bar No. 6201684)
7  Thomas V. Panoff (Bar No. 6283695)
   Christopher S. Comstock (Bar No. 6299333)
8  71 South Wacker Drive
   Chicago, IL 60606
9  Telephone: (312) 782-0600
   Facsimile (312) 701-7711
10 lnale@mayerbrown.com
   tpanoff@mayerbrown.com
11 ccomstock@mayerbrown.com

12 *Attorneys for Defendants CitiMortgage, Inc.*
   *And CR Title Services, Inc.*
13

14            IN THE UNITED STATES DISTRICT COURT

15               FOR THE DISTRICT OF ARIZONA

16

17 David A. Kester, on behalf of himself and     Case No.
   all others similarly situated,
18                                                (Formerly Maricopa County Superior
                       Plaintiff,                 Court No. CV2014-014330)
19
   v.                                             **VERIFICATION OF LAUREN**
20                                                **ELLIOTT STINE IN SUPPORT OF**
                                                  **DEFENDANTS' NOTICE OF**
21 CitiMortgage, Inc.; CR Title Services, Inc.;   **REMOVAL**
   and Does 1 to 25, inclusive,
22
                       Defendants.
23

24      **LAUREN ELLIOTT STINE** hereby declares as follows:

25      1.      My name is Lauren Elliott Stine.   I am an attorney in the law firm of

26 Quarles & Brady LLP.   I am counsel of record for Defendants CitiMortgage, Inc.

1  ("CitiMortgage" or "Citi") and CR Title Services, Inc. ("CR Title" or "CR," and

2  collectively with CitiMortgage, "Defendants") in the above-captioned action.   This

3  Declaration is offered in support of Defendants' Notice of Removal and is based on my

4  personal knowledge.

5     2.     In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), Defendants

6  have filed a true and complete copy of all pleadings and other documents that were

7  previously filed with the Maricopa County Superior Court, contemporaneously with the

8  filing of Defendants' Notice of Removal.

9     I declare under the penalty of perjury that the foregoing is true and correct.

10    DATED this 27th day of February, 2015.

11

12

13    _____
       Lauren Elliott Stine

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT C

**Marotta, Maria (PHX x3740)**

| | |
|---|---|
| **From:** | TurboCourt Customer Service [CustomerService@TurboCourt.com] |
| **Sent:** | Friday, February 27, 2015 9:57 AM |
| **To:** | Marotta, Maria (PHX x3740) |
| **Subject:** | E-Filing Status: Form Set # 1353935 Delivered |

PLEASE DO NOT REPLY TO THIS EMAIL.

AZTurboCourt Form Set # 1353935 has been DELIVERED to Maricopa County.

You will be notified when your documents have been processed by the court.

You MUST log in and check your filing status online at http://turbocourt.com/.

Here are your filing details:
Case Number: CV2014-014330 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Kester Vs. Citimortgage Inc, Et.Al.
Filed By: Maria Marotta
AZTurboCourt Form Set: #1353935
Keyword/Matter #:
Delivery Date and Time: Feb 27, 2015 9:56 AM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice of Removal

Fees Paid:

Total Filing Fees: $0.00
Application Fee: $6.00
Total Amount Paid: $6.00

If you have questions about your filing, please contact AOC Support Services, phone number 602-452-3519 or 1-800-720-7743, or e-mail support@courts.az.gov. Please have your AZTurboCourt Form Set # available.

To view the link above:
Click on the link OR
1) Highlight the website address "URL" above, then Right Click on highlighted "URL" and select Copy.
2) Open a NEW internet browser window.
3) Right Click inside the address field in the new internet browser window and select Paste.

Thank you for using TurboCourt!

1   Quarles & Brady LLP
     Firm State Bar No. 00443100
2   Lauren Elliott Stine (#025083)
     Renaissance One
3   Two North Central Avenue
     Phoenix, Arizona  85004-2391
4   Telephone 602.229.5200
     lauren.stine@quarles.com
5
     MAYER BROWN LLP
6   (To be admitted Pro Hac Vice)
     Lucia Nale (Ill. Bar No. 6201684)
7   Thomas V. Panoff (Ill. Bar No. 6283695)
     Christopher S. Comstock (Ill. Bar No. 6299333)
8   71 South Wacker Drive
     Chicago, IL  60606
9   Telephone:  (312) 782-0600
     Facsimile (312) 701-7711
10  lnale@mayerbrown.com
     tpanoff@mayerbrown.com
11  ccomstock@mayerbrown.com

12  *Attorneys for Defendants CitiMortgage, Inc.*
     *And CR Title Services, Inc.*
13

14          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

15              INAND FOR THE COUNTY OF MARICOPA

16

17  David A. Kester, on behalf of himself and     Case No. CV2014-014330
     all others similarly situated,
18                        **NOTICE OF REMOVAL**
               Plaintiff,
19                       (The Honorable J. Richard Gama)
20  v.

21  CitiMortgage, Inc.; CR Title Services, Inc.;
     and Does 1 to 25, inclusive,
22

23              Defendants.

24       You are hereby notified that on February 27, 2015, Defendants CitiMortgage, Inc.

25  ("CitiMortgage" or "Citi") and CR Title Services, Inc. ("CR Title" or "CR," and

26  collectively with CitiMortgage, "Defendants"), filed in the United States District Court for

1    the District of Arizona a notice confirming removal of this action from the Superior Court

2    of Maricopa County, Arizona to the United States District Court for the District of

3    Arizona pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, together with a copy of the

4    pleadings served upon it.  Attached as **Exhibit A** to this Notice is a copy of the Notice of

5    Removal (without exhibit) to United States District Court, filed pursuant to 28 U.S.C.

6    § 1446, and all other applicable provisions of law.

7           Therefore, Defendants having taken all steps to effect removal of this case, this

8    Court may proceed no further unless or until the case is remanded by Order of the United

9    States District Court.  Defendants further certify that Plaintiff has been notified of this

10   removal and served with a copy of the Notice of Removal.  *See* 28 U.S.C. § 1446(d).

11          RESPECTFULLY SUBMITTED this 27th day of February, 2015.

12                                    QUARLES & BRADY LLP
                                      Renaissance One, Two North Central Avenue
13                                    Phoenix, Arizona  85004-2391

14

15                                    By /s/  Lauren Elliott Stine
                                         Lauren Elliott Stine

16                                    MAYER BROWN LLP
                                      To be admitted Pro Hac Vice
17                                    Lucia Nale
                                      Thomas V. Panoff
18                                    Christopher S. Comstock
                                      71 South Wacker Drive
19                                    Chicago, IL  60606

20                                    *Attorneys for Defendants CitiMortgage, Inc.*
                                      *And CR Title Services, Inc.*
21

22   ORIGINAL of the foregoing electronically
     filed this 27th day of February, 2015, with
23   the Maricopa County Superior Court and
     copy electronically sent to:
24
     The Honorable J. Richard Gama
25   Maricopa County Superior Court Judge
     101 West Jefferson - 714
26   Phoenix, Arizona  85003

1  Copy of the foregoing sent by First Class U.S. Mail
   and E-Mail this 27th day of February, 2015, to:

2

3  Bonnett, Fairbourn, Friedman & Balint, P.C.
   Andrew S. Friedman, Esq.
   Patricia N. Syverson, Esq.

4  2325 East Camelback Road, Suite 300
   Phoenix, Arizona 85016

5  afriedman@bffb.com
   psyverson@bffb.com

6

7  Law Offices of David N. Lake, A Professional Corporation
   David N. Lake

8  16130 Ventura Boulevard, Suite 650
   Encino, California 91436
   david@lakelawpc.com

9

10

11  /s/  Maria Marotta _____

QB\118100.00042\33460357.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26