**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A Kester, | No. CV-15-00365-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| CitiMortgage Incorporated, et al., | |
| Defendants. | |

At issue is Defendant CR Title Services, Inc.'s ("CR") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which is fully briefed. (Docs. 62, 66, 67, 92-1, 94-1, 94-2, 94-3). For the following reasons, CR's motion is denied.

## I. Background[1]

Plaintiff David Kester and his spouse owned real property in Chandler, Arizona. Defendant CitiMortgage Incorporated ("Citi") was the beneficiary of a deed of trust securing repayment of Kester's home loan, and CR was the trustee under that deed of trust. Kester alleges that Defendants knowingly used the services of notary Kristin Lindner after the state of Arizona revoked her commission to execute and record an Assignment of Deed of Trust ("Assignment"), a Substitution of Trustee ("Substitution"), and a Notice of Trustee's Sale ("Notice"), which then were used to initiate a trustee's sale his property after

---

[1] For purposes of this order, the facts alleged in the second amended complaint (Doc. 58) are accepted as true. ***Error! Main Document Only.****Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004).

he defaulted on his loan payments. The Assignment transferred all beneficial interest in the deed of trust from Citi's predecessor in interest to Citi, the Substitution substituted CR as trustee in lieu of First American Title Insurance Company, and the Notice scheduled the trustee's sale.

Kester's second amended complaint alleges a single claim for violation of A.R.S. § 33-420(A), Arizona's "false recordings" statute, which states:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such a claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

Kester claims that Defendants violated this statute "by preparing, notarizing, and recording Assignments of Deed of Trust, Substitutions of Trustee, Notices of Default, and Notices of Trustee Sale that they knew were forged, groundless, or otherwise invalid as they were notarized by employees whose notary commissions were either revoked or suspected at the time they executed the documents at issue," and "by failing to correct and retract documents they recorded that they knew or should have known had been recorded in violation of the statue." (Doc. 58 ¶¶ 27-28.)

In March of 2016, the Court dismissed a prior version of Kester's complaint after concluding, among other things, that the deficient notarizations were immaterial to him, and that the Assignment, Substitution, and Notice were valid under Arizona law notwithstanding the deficient notarizations. (Doc. 37.) On appeal, the Ninth Circuit Court of Appeals reversed and remanded, reasoning that the false recordings statute imposes a materiality requirement only on misstatements and false claims. *Kester v. CitiMortgage Inc.*, 709 Fed. App'x 869, 872-73 (9th Cir. 2017). Because Kester's claim is not based on alleged misstatements or false claims within the recorded documents, the Ninth Circuit concluded that the Court erred in dismissing Kester's claims based on the immateriality of

the deficient notarizations. *Id.* The Ninth Circuit also concluded that deficient notarizations would render the Assignment and Substitution invalid, but that the Notice "would not have been rendered invalid by any deficient acknowledgment." *Id.* at 874.

On remand, the parties agree that the Notice no longer is at issue in light of the Ninth Circuit's conclusion that it would not be rendered invalid by the deficient notarization. The parties also agree that the Assignment is not relevant to Kester's claim against CR because the Assignment does not assert an interest in Kester's property on behalf of CR. Instead, Kester's claim against CR is based solely on the allegation that CR recorded or caused to be recorded the Substitution, which was invalid because it was not properly notarized.

**II. Legal Standard**

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). A motion for judgment on the pleadings therefore should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

**III. Analysis**

CR contends that it must be dismissed from this lawsuit pursuant to A.R.S. § 33-807(E), which states:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

The contours of this provision were examined in *Puzz v. Chase Home Finance, LLC*, in which Judge G. Murray Snow rejected an interpretation of § 33-807(E) that would require "dismissal of any trustee, in *any action* that does not allege a breach of the trustee's obligations" under either the Arizona Deeds of Trust Act, Chapter 6.1 of Title 33 of the Arizona Revised Statutes, or the deed of trust itself. 763 F. Supp. 2d 1116, 1124-25 (D. Ariz. 2011). Judge Snow explained:

> On its face, and by its placement, this statute governs legal actions that pertain to the authority to act given a trustee either by the trust deed itself or by the chapter of the Arizona Revised Statutes governing deeds of trust—currently Chapter 6.1 of Title 33. The plain meaning of the first sentence of the statute is that the plaintiff need only join the trustee as a party to a claim when that claim asserts that the trustee breached one or more of his or her obligations arising under either the deed of trust or Arizona statutes regulating trust deeds. The second sentence of the statute specifies that, to the extent a plaintiff wishes to challenge actions that a deed of trust or Arizona statute authorize a trustee to take, an order against the beneficiary alone is also sufficient to bind the trustee.

> With these first two sentences as context, it is apparent that the third sentence means that if the trustee is joined as a party in any claim pertaining to the trustee's authority to act, that does not allege that the trustee breached an obligation arising from statute or the deed of trust, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." *Thus, to avoid an unreasonable result, the phrase "any other action" in the provision's third sentence must not be interpreted broadly to mean any other action whatsoever, but rather should be interpreted to mean any action pertaining to the trustee's authority to act that does not allege that the trustee breached an obligation resulting from the deed of trust or statute.* Such an interpretation of the third sentence is consistent with the scope of the entire statute and with the two sentences preceding it.

> Thus, to receive the protection of A.R.S. § 33-807(E) as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant in the claim. *Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds.* Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust.

*Id.* at 1125 (emphasis added). Although no Arizona appellate court has authoritatively

- 4 -

adopted Judge Snow's interpretation, *Puzz* has been cited favorably by other judges of this Court, the parties agree that *Puzz* provides the appropriate analytical framework, and the Court likewise finds *Puzz*'s reasoning persuasive.

The parties agree that Kester's claim against CR satisfies the first and third elements of the *Puzz* test. CR is the trustee under the deed of trust and has been named as a defendant, and Kester does not claim that CR breached any of its obligations arising under the deed of trust or the Deeds of Trust Act. CR's motion therefore rises or falls on the second element of the *Puzz* test and requires the Court to answer a discrete question: does recording the Substitution relate to CR's authority to act as trustee, given to it by the deed of trust or by the Deeds of Trust Act? The answer is no.

Kester is not challenging CR's authority to act as trustee. He admits that Citi legitimately appointed CR as the trustee under the deed of trust and that CR had lawful authority to act in that capacity. Instead, Kester asserts that CR violated § 33-420(A)—which is not part of the Deeds of Trust Act—by recording or causing to be recorded the Substitution knowing or having reason to know that it was invalid due to a faulty notarization. "Violations of A.R.S. § 33-420 do not relate to [the trustee's] authority to act under the trust deed or [the Deeds of Trust Act.]" *Finocchi v. Bank of Am. N.A.*, No. CV 10-2320-PHX-SRB, 2011 WL 13233484, at *3 (D. Ariz. June 27, 2011).

In arguing otherwise, CR principally relies on three cases: (1) *Schultz v. BAC Homes Loans Servicing, LP*, No. CV-11-00558-PHX-NVW, 2011 WL 3684481 (D. Ariz. Aug. 22, 2011), (2) *Russell v. OneWest Bank, FSB*, No. CV-11-01463-PHX-FJM, 2011 WL 5007958 (D. Ariz. Oct. 20, 2011), and (3) *Kimbrew v. Bank of New York Mellon*, No. CV-13-02441-PHX-BSB, 2014 WL 12729164 (D. Ariz. Jan 8, 2014). In all three of these cases, the Court dismissed claims against trustee defendants—including § 33-420(A) claims—pursuant to § 33-870(E). These cases are not persuasive, however, because they do not explain how or why § 33-420(A) claims would relate to a trustee's authority to act. Instead, these cases conclude that § 33-807(E) applied simply because the trustees were named as defendants and the claims did not plausibly allege breaches of the trustees'

obligations under the deeds of trust or the Deeds of Trust Act. That is, the decisions focus on the third prong of the *Puzz* test, not the second, and in doing so assume, without substantive discussion, that § 33-420(A) claims relate to a trustee's authority to act. Moreover, in making this assumption, these cases elide *Puzz*'s critical conclusion that § 33-807(E) does not apply to *any action* against a trustee that does not allege a breach of the trustee's obligation, but rather applies only to actions *relating to the trustee's authority to act* that do not allege a breach of the trustee's obligations. *See, e.g.*, *Schultz*, 2011 WL 3684481, at *5 ("Where a trustee is named in an action that does not allege a breach of the trustee's duties, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees form the person joining the trustee." (quotation and citation omitted)).

Setting these cases aside, the following is CR's argument: § 33-420(A) claims against a trustee are not categorically barred by § 33-807(E). Instead, whether § 33-807(E) bars a false recordings claim against a trustee depends on the document the trustee is alleged to have recorded. Kester's claim relates to CR's authority to act under the deed of trust or the Deeds of Trust Act because the deed of trust and the Deeds of Trust Act authorized Citi to appoint CR as successor trustee, and the Deeds of Trust Act requires a notice of that substitution to be recorded. (Doc. 92-1 at 10, ¶ 24); A.R.S. § 33-804(C).

CR's argument is unconvincing. Several provisions of the Deeds of Trust Act specifically authorize the trustee to take certain actions. *See, e.g.*, A.R.S. §§ 33-807(C) (authorizing trustee to file an action for the appointment of a receiver), -808(A) (requiring the trustee to give written notice of a trustee's sale), -811(B) (requiring trustee to execute and submit the deed of trust to the country recorder for recording). But simply because Citi can *appoint* CR as successor trustee does not mean that the act of *recording* a notice of that substitution relates to CR's authority to act as trustee, granted to it by the deed of trust or the Deeds of Trust Act. Indeed, nothing in the deed of trust or in § 33-804 specifically authorizes or requires CR to record the notice of its own substitution, and the Court is aware of no authority suggesting that a person or entity's ability to record a

Substitution derives from the deed of trust or the Deeds of Trust Act. Accordingly, in challenging CR's recording of a Substitution that it knew or should have known was invalid, Kester's claim does not relate CR's authority to act as trustee, granted to it by the deed of trust or the Deeds of Trust Act.

**IT IS ORDERED** that CR's motion for judgment on the pleadings (Doc. 62) is **DENIED**.

Dated this 22nd day of March, 2019.


Douglas L. Rayes
United States District Judge